IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JERRY MCCORMICK,

    Plaintiff,

v.

THE CITY OF MCALESTER,

    Defendant.

Case No. CIV-11-166-RAW

## ORDER

Before the court is Plaintiff's motion to reconsider and grant a new trial date [Docket No. 80]. Plaintiff requests the court to reconsider its ruling granting the summary judgment motion filed by the City of McAlester (hereinafter "the City"). Pursuant to Rules 59(e) and 60, Plaintiff suggests to the court that the thrust of his claims may have been missed. He requests that the court reinstate this suit and allow him to amend his Complaint to clarify the claims at issue.

**Complaint**

On May 9, 2011, Plaintiff filed his Complaint. In paragraph 4 of the Complaint, Plaintiff stated: "This action arises under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the Civil Rights Act, Title 42 U.S.C. §§ 1983 and 1988." Docket No. 2, pg. 2, para. 4. After stating his factual allegations, Plaintiff included a brief section titled "The City of McAlester, Oklahoma." In this section, Plaintiff alleged that the City "grossly failed to train its police officers in the fundamental law of arrest and use of force in effecting arrest in that its officers arrested Jerry McCormick without cause, and without a valid

warrant." Docket No. 2, pg. 10, para. 52. In this same section, Plaintiff further alleged that the City "employed a policy of encouraging its police officers to carry out false arrests, commit assault against civilians and issue false charges and tickets against citizens, ratifying same by systemic deficiencies in discipline of its officers and failure to properly investigate complaints." Docket No. 2, pg. 10, para. 53.

**Motion for Summary Judgment**

Noting the lack of clarity in the Complaint "when it attempts to ascribe some legal claim to [Plaintiff's] factual allegations," Defendant filed a summary judgment motion arguing that Plaintiff's claims fail because: (1) Plaintiff cannot show that his constitutional rights were violated by the City, and (2) Plaintiff has no evidence that any policy, custom or practice of the City was the moving force behind his injuries. Plaintiff did not clarify his claims in his response to the summary judgment motion. In his response, only one section addressed one of his claims, titled, "IV. The City of McAlester's Failure to Investigate Constitutes an Unconstitutional Policy."

On May 8, 2012, the court entered an Order granting the City's motion for summary judgment. In that Order, the court recounted Plaintiff's claims that he suffered constitutional violations because the City employs policies of: (1) failing to train its police officers; (2) encouraging its police officers to carry out false arrests, to commit assault against civilians, and to issue false charges and tickets against citizens, (3) failing to discipline its officers, and (4) failing to properly investigate complaints. These claims were recounted directly from Plaintiff's Complaint.

The court granted summary judgment as to the first claim because Plaintiff had not presented any evidence of a pattern of similar violations by untrained employees. Plaintiff presented nothing that would show that the City's police officers have a pattern of arresting citizens on invalid warrants or of causing invalid warrants to be issued.

The court granted summary judgment as to the second claim because Plaintiff had presented only conclusory allegations and no evidence that the City or any City official *encouraged* the City's police officers to carry out false arrests, to commit assault against civilians, or to issue false charges and tickets against citizens. The court granted summary judgment as to the third and fourth claims because Plaintiff had not presented any evidence to show that the investigations into his complaints against Officer Talbot were, in fact, improper. Instead, Plaintiff simply disagreed with the outcome of those investigations and argued conclusively that Officer Talbot should have been disciplined.

**Motion to Reconsider**

Plaintiff has now filed a "motion to reconsider and grant a new trial date" pursuant to Rules 59(e) and 60. As Defendant argues, "[t]he Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead, the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." <u>Van Skiver v. United States</u>, 952 F.2d 1241, 1243 (10th Cir. 1991). Rules 59(e) and 60(b) "are distinct; they serve different purposes and produce different consequences." <u>Id</u>. When a motion is served within the time allotted under Rule 59(e), currently twenty-eight (28) days of the entry of the

judgment,[1] it will ordinarily fall under Rule 59(e). See Id. If it is served after that time, it falls under Rule 60(b). See Id. Plaintiff filed the current motion twenty-eight (28) days after entry of the judgment. Plaintiff also filed his motion pursuant to Rule 59(e) "*and*" Rule 60. The court will address both.[2]

"Grounds for granting a Rule 59(e) motion include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" Somerlott v. Cherokee Nation Distributors, Inc., No. 10-6157, 2012 WL 3055566 at *8 (10th Cir. July 27, 2012).

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." Van Skiver, 952 F.2d at 1243. To show exceptional circumstances, Plaintiff must satisfy one or more of Rule 60(b)'s six grounds for relief from judgment. Id. at 1243-44. Rule 60(b) provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

---

[1] Rule 59(e) was amended to allow a motion thereunder to be filed within twenty-eight (28) days, effective December 1, 2009. Fed. R. Civ. P. 59(e).

[2] Additionally, because Plaintiff did not limit his motion to Rule 60(b), the court has considered relief under Rule 60(a), (d) and (e), and finds those sections are inapplicable here.

Plaintiff does not mention any intervening change in the controlling law, any new evidence previously unavailable, any surprise, any fraud, any misrepresentation, any misconduct by an opposing party, that the judgment is void, that the judgment has been satisfied, released or discharged, that the judgment is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable. Plaintiff's motion then must be based on either clear error, manifest injustice, mistake, inadvertence, excusable neglect, or any other reason that justifies relief.

Additionally, the court notes that under either rule, a motion to reconsider does not allow a party to revisit issues already addressed or to advance "new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed." Van Skiver, 952 F.2d at 1243. This is true even if the court's decision was incorrect or somehow misapprehended the law or the evidence. The appellate process may be employed for this purpose.

**First Amendment Claim**

In his motion to reconsider, Plaintiff suggests that the court may have misapprehended Plaintiff's claims. Docket No. 80, pg. 5. Plaintiff admits that he did not delineate a First Amendment claim in his Complaint, but argues that he "relied on the concept of 'due process' as the legal description at the crux of his claim." Id. Plaintiff then refers to the portion of the court's Order regarding failure to train and states that, as the First Amendment was not raised, the court may have misapprehended his claim. Id. Plaintiff argues that "[t]he fact that the police

participated in the plaintiff's prosecution at all stages is where the claim lies."[3] Id.

In Plaintiff's reply, under the section titled "Whither the First Amendment?," Plaintiff again states that he "admittedly did not single out a 'First Amendment' claim in an identification of the law on which the suit was asserted. This may have been a mistake, instead opting to identify a 'due process' right as the basis for the claim." Docket No. 82, pg. 1. Plaintiff argues that the facts alleged in the Complaint, particularly in paragraphs 34-38, were sufficient to support a claim for retaliation against Plaintiff for his exercise of his constitutional right of free speech. As Defendant argues, Plaintiff had ample opportunity to raise a First Amendment claim prior to judgment being entered.

In his reply, Plaintiff prays the court to prevent the "manifest injustice" that he claims will occur if he is not allowed to amend his Complaint and proceed on a First Amendment claim against the City. Plaintiff seems to be asserting that error was brought on both by *his own* failure to assert a First Amendment Claim[4] *and* by *the court's* failure to assert it for him based on the facts alleged in his Complaint.[5] In any event, as discussed below, a First Amendment claim fails.

---

[3]Plaintiff further states that the court's Order "does not seem to address the issue of the City's flawed policies regarding review and oversight of the police department or, specifically, the police chief . . . ." Docket No. 80, pg. 6. In fact, as noted above, the court did address this in the portion of its Order addressing Plaintiff's allegations that the City failed to investigate and discipline its officers. Ultimately, the court held that Plaintiff had not presented evidence to establish a failure to investigate or an improper investigation; he merely disagreed with the outcome of the investigation.

[4]As noted above, a motion for reconsideration pursuant to Rule 59(e) or Rule 60(b) is not proper to allow a plaintiff to assert new arguments or supporting facts that were available to him throughout the life of his action. Van Skiver, 952 F.2d at 1243.

[5]When construing a *pro se* complaint, the court attempts to consider other possible claims that could arise from facts asserted by the plaintiff. A *pro se* litigant's pleadings are to be construed liberally. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). When construing a complaint filed by a competent attorney, however, the court generally does not go looking for

Consequently, to allow Plaintiff to amend at this point would be futile.

To establish a First Amendment retaliation claim, Plaintiff must prove: (1) that he was engaged in a constitutionally protected activity; (2) that the City's action caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the City's action was substantially motivated as a response to his exercise of his First Amendment speech rights. Becker v. Kroll, 494 F.3d 904, 925 (10th Cir. 2007). He must also plead and prove the absence of probable cause for the prosecution. Id. Of course, as this action is against the City, Plaintiff "must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged." McCook v. Spriner School Dist., 44 Fed.Appx. 896, 910 (10th Cir. 2002).

Defendant concedes that Plaintiff was engaged in constitutionally protected activity when he made complaints against his neighbors. Additionally, the court believes that criminal prosecution could chill a person of ordinary firmness from continuing to engage in that activity. Plaintiff has not, however, set forth, by affidavit or other evidence, specific facts that would establish that the City's action was substantially motivated as a response to his exercise of his First Amendment rights or that there was a lack of probable cause for his prosecution.

Plaintiff was charged with intimidating a witness, namely his neighbor, Dan Talbot, based on several actions. As Plaintiff argues, the assistant district attorney who filed the charges stated that she believed that Plaintiff filed his complaint against Dan Talbot to intimidate him, as he

---

additional claims that could arise from the facts alleged. The court presumes that a plaintiff's counsel will raise all claims in the complaint, in an amended complaint, or at the summary judgment stage. Even when a plaintiff is *pro se*, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

was a witness against Plaintiff. Plaintiff suggests that this would establish that the charges brought against Plaintiff were substantially motivated as a response to his exercise of his First Amendment rights and that there was no probable cause for the filing of those charges. The court does not agree. Taking this fact in the light most favorable to Plaintiff, it only shows that the assistant district attorney believed Plaintiff was attempting to intimidate Dan Talbot by filing the charges. It does not create a genuine issue of material fact or tend to establish that the City took action against Plaintiff that was substantially motivated as a response to his exercise of his First Amendment rights or that there was no probable cause for the charges against him.[6] Moreover, Plaintiff has not proffered any evidence regarding the existence of a City policy or custom of retaliating against citizens for exercising their First Amendment rights.

**Conclusion**

Plaintiff filed this motion pursuant to Rules 59(e) and 60, arguing that the court must prevent the manifest injustice that will occur if he is not allowed to amend his Complaint and proceed on a First Amendment claim against the City. Plaintiff never raised a First Amendment claim before judgment was entered. A motion pursuant to Rule 59(e) or Rule 60 is not appropriate to raise new arguments that could have been raised at the summary judgment stage. Moreover, a First Amendment claim fails. Accordingly, Plaintiff's motion to reconsider and grant a new trial date [Docket No. 80] is hereby DENIED.

---

[6]Plaintiff also argues the fact that the charges against him were dropped at the conclusion of the preliminary hearing establishes there was no probable cause. Again, the court disagrees. The assistant district attorney dismissed the charges because the evidence at the preliminary hearing was not what she expected. This is not an uncommon circumstance, nor does it create a genuine issue of material fact with regard to probable cause.

IT IS SO ORDERED this 1st day of October, 2012.

**Dated this 1st day of October, 2012.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma